# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

**KELLY W. CHRISTIAN, SR.,**

   **Plaintiff,**

**vs.**                                    **CIVIL ACTION NO. 1:21-CV-00108**

**BONNIE PATTERSON,**

   **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

On February 12, 2021, Plaintiff, acting *pro se*,[1] filed his Complaint. (ECF No. 1) By Standing Order, this matter was referred to the undersigned for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2) Having examined the Complaint, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the Court shall dismiss the case at any time if the Court determines that the action fails to state a claim for which relief can be granted.

### FACTUAL ALLEGATIONS[2]

In his Complaint, Plaintiff does not specify how this Court has jurisdiction, but has named Bonnie Patterson as a Defendant, a resident of Princeton, West Virginia. (ECF No. 1)

With regard to the amount in controversy, Plaintiff alleges the following:

---

[1] Because Plaintiff is proceeding *pro se*, the documents he has filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972).

[2] As an initial matter, the undersigned notes that Plaintiff has made very similar, if not the identical, allegations as he made against this particular defendant as he had in a prior civil action he filed in this Court (See <u>Kelly Christian v. Roger Mannion, Bonnie Patterson</u>, Case No. 1:20-cv-00758). The undersigned issued a proposed findings and recommendation for disposition on November 30, 2020 (ECF No. 3; Case No. 1:20-cv-00758). On February 12, 2021, Plaintiff filed a letter to the Clerk of Court, advising that he intended to "drop" the civil action in order to proceed with a new action against the named Defendant herein. (ECF No. 7) Accordingly, the Clerk closed that matter.

I am wonting [*sic*] to suite [*sic*] Bonnie Patterson for taking my father away from me I am suiting [*sic*] for pain and suffering of my father and for her to pay the courts.

(Id. at 4)

As for the statement of the claim, Plaintiff alleges:

She caused me pain & suffering from taking my father away from me and putting him into a nursing home without my knowing anything about it and she never let me know where he was so I could try to get him and to take care of him. I am wonting [sic] to suite [sic] her for pain & suffering of my father.

(Id.)

For relief, Plaintiff repeats his allegations, and further alleges that Defendant put his father

in a nursing home in Virginia and indicates that he has spoken with a lawyer about this, and that

he is asking the Court to help him get his father out of the nursing home. (Id. at 4-5)

## THE STANDARD

As noted *supra*, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. §

1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14,

2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the

Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to

state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon

an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous"

claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325

(1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal

theory." Id., 490 U.S. at 327. Although the standards for screening pursuant to Section 1915A and

a Rule 12(b)(6) motion may be the same, a Court should look with "a far more forgiving eye"

when examining whether a complaint rests on a meritless legal theory. Nancy v. Kelly, 912 F.2d

605, 607 (2nd Cir. 1990). A claim lacks an arguable basis in fact when it describes "fantastic or

delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[3], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts

---

[3] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir.1990)).

## <u>ANALYSIS</u>

Federal Courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. <u>Bender v. Williamsport Area School District</u>, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. § 1332(a)(1).[4]

As noted *supra*, Plaintiff does not allege federal question as the basis for this Court's jurisdiction, but only asserts this is a civil suit for his father, and does not relate to any federal law, treaty or provision of the U.S. Constitution. Accordingly, this Court would not have jurisdiction over Plaintiff's claim pursuant to Section 1331. Additionally, Plaintiff's claim has no relation to

---

[4] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

  (1) citizens of different states;

  (2) citizens of a State and citizens or subjects of a foreign state;

  (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

  (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Section 1332, which requires complete diversity of citizenship between the adverse parties. See Owen Equip., & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274(1978). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Id.; see also, Wisconsin Dept. Of Corrections v. Schacht, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998)("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State."). "The statute establishing diversity jurisdiction is to be strictly construed and all doubts are to be resolved against federal jurisdiction." Frontier Energy Corp. v. Broda, 882 F. Supp. 82, 85 (N.D.W.Va. 1995). For purposes of diversity jurisdiction, an individual's citizenship has been equated to the place of domicile. See Linville v. Price, 572 F. Supp. 345 (D.C.W.Va. 1983). Plaintiff alleges that Defendant is a resident of West Virginia, like himself. Accordingly, this Court would be deprived of jurisdiction under Section 1332.

To the extent that Plaintiff has alleged theft and/or a species of fraud as the bases for his Complaint ("they have sold my father's home the only thing that he had left after working twenty five years of his life and he had given me the trailer which they have sold" and "taking my father away from me and not letting me know anything about it" (ECF No. 1 at 5, 4), these are state-law-based claims for which this Court should not exercise its supplemental jurisdiction given that there is no plausible federal claim. Cole v. Montgomery, 2015 WL 5965296, at *5 (Apr. 16, 2015), *report and recommendation adopted as modified*, 2015 WL 5965277 (D.S.C. Oct. 13, 2015). Lastly, Plaintiff's Complaint is not salvageable even if permitted to amend in the spirit of Denton v. Hernandez, *supra*.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (ECF No. 1) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: February 17, 2021.

Omar J. Aboulhosn
United States Magistrate Judge